

FILED

2006 Aug-09  PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARVIN STEWART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.: CV-04-B-0328-S** |
| **v.** | ) | |
| | ) | |
| **STATE OF ALABAMA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This case is currently before the court on plaintiff's Motion to Alter, Amend or Vacate or Motion to Reconsider. (Doc. 16.)[1] Defendants did not file a response to the Motion. Upon consideration of plaintiff's argument, the record and the relevant law, the court is of the opinion that the plaintiff's Motion is due to be granted in part.

## I.   FACTUAL SUMMARY

In April 2003, plaintiff was subjected to an interim suspension from the practice of law. (Compl. at 4, ¶ 14.) Approximately one month thereafter, defendant Lusk, Assistant Counsel for the Alabama State Bar Association, caused the Circuit Court of Jefferson County to issue an administrative order appointing trustees over the legal affairs of plaintiff, plaintiff's law firm, The Stewart Group, P.C, and of the firm's clients. (Id. at 6, ¶ 29.) Since their appointment, the trustees have exercised control over settlement funds,

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

lien rights and contractual rights in the plaintiff's cases.  (Id. at 7, ¶ 36.)  On February 19, 2004, Plaintiff brought this action against the State of Alabama, Robert Lusk, Assistant Counsel for the Alabama State Bar, and Alex Weisskopf, trustee of the Stewart Law Group, P.C.  In counts I, II, and III of plaintiff's Complaint, he alleges claims against all defendants under 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment Due Process Rights, his Seventh Amendment right to a trial by jury, and for unlawful prejudgment seizure.  Plaintiff also brings claims under 42 U.S.C. § 1983 against defendant Lusk for abuse of process and retaliation under the First Amendment, Counts IV and V, and a state law claim against defendant Weisskopf for breach of fiduciary duty/wrongful interference, Count VI.

On January 9, 2006, after careful consideration of the report and recommendation of the magistrate judge to whom this case was originally assigned, (doc. 12), the court entered a Memorandum of Opinion adopting and approving the findings and recommendation of the magistrate as the findings and conclusions of the court, (doc. 13), and an Order dismissing the case with prejudice.  (Doc.14.)  Plaintiff now moves the court to amend, alter, or vacate its January 9, 2006 Order or, in the alternative, to reconsider the Order.  (Pl.'s Motion, at 1.)

## II.    DISCUSSION

Plaintiff's Motion does not specify whether he seeks relief under Fed.R.Civ.P. Rule 59(e) or Rule 60(b).  A motion to alter or amend a judgment under Rule 59(e) must

be filed within 10 days after the judgment is entered.  Because plaintiff did not file his

Motion until February 2, 2006, it was untimely under Rule 59(e).  Motions that would be

untimely under Rule 59(e) may, however, be treated as motions under Rule 60(b),[2] which

provides a more liberal time period for filing motions for relief from judgment or order, if

grounds stated would be a basis for Rule 60(b) relief.  *Rice v. Ford Motor Company*, 88

F.3d 914, 918 (11th Cir. 1996); *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992).

Though plaintiff does not articulate any specific ground listed in Rule 60(b) as a basis for

relief, his Motion is cognizable under the "catch-all" provision allowing motions based on

any "reason justifying relief from the operation of the judgment."  See, Fed.R.Civ.P.

60(b)(6).  Plaintiff's Motion was filed within twenty-four days after the entry of the Order

from which he seeks relief, not an unreasonable period of time in which to file a Rule

60(b)(6) motion.  Thus, plaintiff's Motion is not untimely.

Plaintiff moves the court to reconsider its determination that the *Rooker-Feldman*

doctrine applies to plaintiff's federal claims.  Relief under Rule 60(b)(6) "is an

---

[2]  Fed.R.Civ.P. 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ...
> from a final judgment, order, or proceeding for the following reasons: (1)
> mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence ...;fraud ..., misrepresentation, or other misconduct of an adverse
> party; (4) the judgment is void; (5) the judgment has been satisfied, released,
> or discharged, or a prior judgment upon which it is based has been reversed
> or otherwise vacated, or it is no longer equitable that the judgment should
> have prospective application; or (6) any other reason justifying relief from the
> operation of the judgment.  The motion shall be made within a reasonable
> time....

3

extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swin-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). A Rule 60(b) motion cannot be used as a substitute for proper and timely appeal of the district court's judgment.  See, *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 111, 1115 (11th Cir. 1993).  Plaintiff has not shown exceptional circumstances sufficient to warrant reconsideration of this court's determination that it lacks subject matter jurisdiction over plaintiff's federal claims under the *Rooker-Feldman* doctrine.  Therefore, to the extent it seeks reconsideration of that determination, plaintiff's Motion is due to be denied.

Plaintiff also contends that the dismissal of his claims should have been without prejudice.  The court agrees.  Because the court lacks subject matter jurisdiction over plaintiff's federal claims, Counts I, II, III, IV, and V, should have been dismissed without prejudice.[3]  The court declined to exercise supplemental jurisdiction over plaintiff's remaining state law claim, Count VI - Breach of Fiduciary Duty.  That claim should also have been dismissed without prejudice.  Therefore, to the extent that plaintiff requests that his claims be dismissed without prejudice, plaintiff's Motion is due to be granted.

---

[3]  In the Report and Recommendation adopted by this court, the Magistrate recommended that plaintiff's claims against the State of Alabama be dismissed as barred by Eleventh Amendment immunity.  First, the court notes that only plaintiff's claims for money damages are, in fact, barred under the Eleventh Amendment.  However, the court need not have reached the question of immunity because, under the *Rooker-Feldman* doctrine, the court lacks subject matter jurisdiction over <u>all</u> of plaintiff's federal claims, including those against the State of Alabama. Therefore, plaintiff's claims against the State should have been dismissed without prejudice due to lack of subject matter jurisdiction rather than Eleventh Amendment immunity.

4

III.    **CONCLUSION**

Based on the forgoing, the court finds that plaintiff's Motion to Alter, Amend or

Vacate or Motion to Reconsider, (doc. 16), is due to be denied in part and granted in part.

An Amended Order dismissing plaintiff's claims without prejudice will be entered

contemporaneously with this Memorandum Opinion.

**DONE** this the 8th day of August, 2006.


SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE